IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

L'OCCITANE, INC.                          *
                                          *
          v.                              *        Civil Action WMN-09-CV-2499
                                          *        _____FILED _____ENTERED
TRANS SOURCE LOGISTICS, INC.,             *        _____LODGED _____RECEIVED
et al.                                    *
                                                   NOV – 2 2009
     *     *     *     *     *     *     *     *     *     *     *     *
                                                   AT BALTIMORE
                                                   CLERK U.S. DISTRICT COURT
                          MEMORANDUM               DISTRICT OF MARYLAND
                                              BY                        DEPUTY

          Before the Court is Plaintiff L'Occitane, Inc.'s

Motion for Leave to Take Limited Expedited Discovery.  Paper No.

19.  The Defendants have opposed the motion. Upon review of the

pleadings and the applicable case law, the Court determines that

no hearing is necessary (Local Rule 105.6) and the motion will

be denied as set forth below.

          Plaintiff alleges in its Complaint that it sent substantial

funds to Defendants to be paid to a third-party vendor, AFC

Worldwide Express, Inc. ("AFC") pursuant to an oral agreement

between the parties.  Plaintiff also alleges that Defendants

have not passed on these funds as agreed.  Plaintiff has

requested that this Court grant a Preliminary Injunction

prohibiting Defendants from disbursing, commingling, or

otherwise misapplying Plaintiff's funds and requiring Defendants

to pay into the Court, pending a final adjudication of the

claims in this action, the amount Plaintiff claims Defendants

have failed to transfer to the third-party.

1

In response to Plaintiff's Complaint, Defendants filed a motion to dismiss and have neither admitted nor denied Plaintiff's allegations.  Defendants have admitted, however, in response to Plaintiff's Motion for a Preliminary Injunction, that as a business practice they do not segregate funds received from clients into separate accounts, but rather, the clients' payments are commingled and tracked in accordance with generally accepted accounting principles.  Cates Aff. ¶¶ 6, 7.  Defendant also admitted that, were it required to pay the sum requested by Plaintiff into the Court, it "would be unable to conduct its normal business for an undeterminable period of time."  Id. ¶ 9.

Plaintiff states that it filed this Motion for Expedited Discovery in order to prepare for a Preliminary Injunction hearing.  It has requested specifically: 1) leave to serve requests for the production of documents relating to the receipt, disposition, and current whereabouts of Plaintiff's funds that were intended for the third-party, but instead were improperly retained, diverted and/or misappropriated by Defendants; 2) an Order requiring the production of those documents on an expedited basis, and 3) leave to take the deposition of Defendant Howard Cates in Philadelphia, Pennsylvania following Defendants' production of documents. Plaintiff argues that this discovery is narrowly tailored to allow Plaintiff "to determine the full extent of the harm caused

by Defendants, the whereabouts of its funds, and whether the harm is of an ongoing nature."  It also argues that the "information is necessary to prevent irreparable harm to L'Occitane through the continued diversion, commingling and misapplication of the funds that form the basis of Plaintiff's Complaint."

Federal Rules of Civil Procedure allow courts to order expedited discovery in the form of document requests and depositions.  Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order."); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served.  A shorter or longer time may be . . . ordered by the Court."); Fed. R. Civ. P. 30(a)(2) ("A party must obtain leave of court . . . if the parties have not stipulated to the deposition and the party seeks to take the deposition" before the time specified in Rule 26(d)); Physicians Interactive v. Lathian Sys., Inc., No. CA 03-1193-A2003, WL 23018270, at *4 (D. Va. Dec. 5, 2003) ("Federal Rules of Civil Procedure 26(d), 30(a), 33(b), 34(b) and 36 give this Court the power to adjust the timing requirements imposed under Rule 26(d), and if warranted, to expedite the time for responding to the discovery sought").  Expedited discovery is particularly appropriate where

a preliminary injunction is sought.  See e.g., Ciena Corp. v. Jarrard, 203 F.3d 312, 324 (4th Cir. 2000) (remanding with instructions to the lower court to provide the defendant with an opportunity to conduct expedited discovery in order to file a motion to dissolve a preliminary injunction); Dan River, Inc. v. Unitex Ltd., 624 F.2d 1216, 1220 (4th Cir. 1980) (stating that the district court "set a hearing on the motion for a preliminary injunction and directed the parties to engage in discovery on an expedited basis prior to that hearing.").

A specific standard for evaluating expedited discovery requests is not set out in the Federal Rules of Civil Procedure nor has this Circuit or District established such a standard. The Eastern District of North Carolina, however, in Dimension Data North America, Inc. v. Netstar-1, Inc. has discussed the various expedited discovery standards adopted by district courts. 226 F.R.D. 528 (E.D.N.C. 2005).  The court in Dimension Data outlined the two predominant standards in use: one applying modified preliminary injunction factors and another based on reasonableness.  Id. at 531.  The court noted that the preliminary injunction standard has been criticized by courts, particularly where expedited discovery is sought in order to prepare for a preliminary injunction hearing.  Id.  The court ultimately adopted the reasonableness standard where parties request expedited discovery in relation to a preliminary

4

injunction request.  Id.  This Court finds the reasoning of the Dimension Data court compelling and agrees that "a standard based upon reasonableness or good cause, taking into account the totality of the circumstances," is the most appropriate for evaluating Plaintiff's expedited discovery request.  Id.  Here, the Court finds that Plaintiff has not shown good cause to grant its request for expedited discovery under this standard and that Plaintiff's requested discovery is not narrowly tailored to obtain information relevant to a preliminary injunction determination.

The preliminary injunction factors are: 1) likelihood of success on the merits at trial; 2) likelihood that the Plaintiff will suffer irreparable harm in the absence of preliminary relief; 3) whether the balance of equities weighs in favor of the Plaintiff; and 4) whether an injunction is in the public interest.  See Real Truth About Obama, Inc. v. Federal Election Com'n, 575 F.3d 342, 346-47 (4th Cir. 2009) (citing Winter v. Natural Resources Defense Council, Inc., __ U.S. __, 129 S.Ct. 365, 374-76 (2008)).  Plaintiff argues that the discovery will provide evidence of the extent of the irreparable harm and will prevent the alleged irreparable harm, but they do not demonstrate how the discovery will provide evidence to establish the likelihood of the irreparable harm alleged by Plaintiff.

In its Motion for a Preliminary Injunction, Plaintiff argues that the "irreparable harm" that it will face without preliminary injunctive relief is "Defendants' further retention, disbursement, commingling, or misapplication" of Plaintiff's funds that will "irreparably prejudice L'Occitane's ability to obtain the equitable relief that it seeks." Defendants have already acknowledged that it does not segregate funds received from Plaintiff. Moreover, by virtue of Defendants' admission that its business operations would be harmed by turning over to the Court the sum alleged by Plaintiff to be at issue, it does not have the alleged funds. Assuming, <u>arguendo</u>, that Defendant's continued misappropriation of Plaintiff's funds would result in irreparable harm to Plaintiff, Plaintiff has not explained how obtaining greater detail into how Defendant used Plaintiff's funds would demonstrate that irreparable harm is more likely than could be demonstrated with the evidence already at its disposal. Moreover, the Court does not find Plaintiff's request to depose Defendant Cates to be narrowly tailored as it does not set forth the subjects upon which it would depose Mr. Cates.

For the foregoing reasons, Plaintiff's Motion for Leave to Take Limited Expedited Discovery will be denied. The Court will hold a hearing on Plaintiff's preliminary injunction motion on November 20, 2009 at 10:00 a.m. A separate order will issue.

6

_____/s/_____
William M. Nickerson
Senior United States District Judge

November 2, 2009